# EXHIBIT J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------

FIRST KEYSTONE CONSULTANTS, INC.,        Index No.: 27095/05
ROBERT H. SOLOMON and JANE SOLOMON,

                Plaintiffs,

                                          **AFFIDAVIT OF**
       - against -                               **JOHN REY**

DDR CONSTRUCTION SERVICES, SPECO
ELECTRIC, INC., CLIFFORD R.WEINER and
DEBBIE ANN WEINER,

              Defendants/Third-Party Plaintiffs,

       - against -

SCHLESINGER ELECTRICAL CONTRACTORS,
INC. and JACOB LEVITA,

              Third-Party Defendants.

------------------------------------------------------------------

STATE OF NEW YORK    )
                        )SS.
COUNTY OF NEW YORK  )

    **JOHN REY**, having been duly sworn, says:

    1.    I am the principal owner and president of J & R Rey Electrical Contractors, Inc. (JR Rey)

    2.    Schlesinger Siemens Electrical, LLC ("SSE") issued to JR Rey a subcontract dated July 1, 2006, in the amount of $ 3,400,000 to furnish and install labor, equipment and material for the New York City Department of Environmental Protection ("NYCDEP") Contract 26W-12E (the "26[th] Ward Project").

    3.    The JR Rey contract was part of SSE's minority utilization plan for the 26th Ward Project. I certified JR Rey's intent to the NYCDEP to perform the subcontract.

    4.    Subsequent to the issuance of the subcontract, and at the direction of senior SSE and Siemens Energy & Automation, Inc. ("SEA") management, JR Rey



1

issued a purchase order to SEA in the amount of $2,400,000 for equipment to be furnished under the JR Rey subcontract to the 26th Ward Project. The equipment purchase order to SEA therefore accounted for 70% of the overall value of the $3.4 Million sub-contact which was required as part of the minority utilization plan. JR Rey was not allowed to solicit other prices for the equipment and played no role in the selection of the equipment, which was dictated by SEA. The SEA invoices for the equipment furnished were paid by joint checks drawn on the account of Schlesinger Electrical Contractors, Inc. ("Schlesinger") which were signed by Jacob Levita, a principal of Schlesinger. The checks were issued jointly to JR Rey and SEA. I endorsed the checks over to SEA at SSE's office in Maspeth, NY. SSE forwarded the endorsed checks to SEA who, upon information and belief, deposited them into an SEA account.

5.     During the period of March 2006 through late 2007, JR Rey issued invoices for the actual labor and material furnished under the SSE contract for the 26th Ward Project to SEC. Starting in May 2006, the practice was for Mr. Levita of Schlesinger to issue two checks against each invoice: i) one to JR Rey; and ii) one to JR Rey and the joint board, for union benefits. I would go to SSE's office on a weekly basis where I would be given the SEC check for the direct portion of the labor and material and then endorse the joint check and forward the joint check to the union.

6.     All the labor furnished and material supplied by JR Rey for the 26th Ward Project was invoiced. JR Rey received payment for all of the direct labor and material costs invoiced against the 26th Ward Project. All but the last $45,000 of union benefits were paid by dual checks issued to JR Rey and the Joint Board.

7.     Commencing in May 2006 and continuing until late 2007, and at the specific direction of Jacob Levita and upper SSE management, JR Rey issued invoices in the total amount of $320,000 for advances against labor to be furnished against the 26th Ward Contract. I was told by senior SSE managers, including Levita that SSE would not

2

release checks in payment for labor previously performed by JR Rey until invoices for advances against labor were delivered to SSE's offices. This practice placed an enormous financial pressure on my business. I was also told that I would not be used on the other projects awarded to SSE if I did not go along with this practice.

8.   JR Rey did not deposit or endorse any SEC or SSE checks issued in payment for advanced labor.

9.   Joe Guddemi was my day-to-day contact within SSE for all financial transactions. Mr. Guddemi, as well as senior SSE and Siemens managers, including Mr. Jeffrey Deurlein of Siemens, were each aware of the JR Rey invoices for advance labor, dating back to 2006 and at all times thereafter.

10.   In addition, at the specific request of Jacob Levita and SSE Managers, I placed Joe Guddemi on the payroll of JR Rey. As with the demand that I issue invoices for advanced labor, I was told that this would be required of me in order to continue to use me on the projects. JR Rey invoiced SSE the entire cost of including Joe Guddemi on its payroll. The invoices were paid by checks drawn on an SEC account and, as with the checks for "advanced labor," were each signed by Jacob Levita.

11.   On or about December 20, 2007 Jacob Levita stated to me that Jeff Deurlien did not want to do the advance labor invoices any more.

12.   In a follow up to SSE's June 2008 letter requesting backup to justify payment by SSE of J &R Rey's invoices for advances against labor on December 17, 2008, Roland Dung, CEO of SSE, demanded repayment of the $320,000 advanced for labor in a letter wherein he claimed to be ignorant of a practice that senior SSE managers (including Levita) had demanded some two and a half years before.

13.   SSE also issued sub-contracts to JR Rey for Wards Island 79E, Wards Island 87E, Croton CRO-E1 and Croton CRO-E2. The contracts were issued in

3

fulfillment of SSE Minority Business Enterprise goals under each contract. I certified to the NYC DEP my intent to perform each contract.

14.     SSE attempted to intimidate me into voluntarily releasing SSE from those contracts. In one instance in the spring of 2008 when much of what is described above had come to light in this litigation, Jacob Levita asked me to talk to him privately outside of the conference room. When in the corridor, Mr. Levita spun around and at the same time Mr. William Kompf, an SSE employee, grabbed me from behind, and then Jacob Levita proceeded to pummel me while demanding that I sign release of those contracts. Jacob Levita also threatened to withhold payment for labor previously furnished unless I released SSE from the subcontracts. A police report was filed. Jeff Deurlein witnessed the incident.

15.     On March 25, 2008, I called Mr. Wasserman to report the assault. And request a meeting with Mr. Wasserman for the next day. Mr. Wasserman then told me about a recent conversation he had with "Siemens people" wherein they discussed whether passing through the payment for Siemens manufactured equipment through a supplier would satisfy compliance. Mr. Wasserman told them no.

16.     JR Rey then received a three day notice to furnish manpower to Wards Island 87E. The manpower was supplied as directed. No contract work was available to perform. JR Rey was not paid for the labor furnished to the project.

17.     The SSE subcontracts were then all unlawfully terminated by SSE.

18.     JR Rey received no compensation for the unlawful terminations.

19.     The SSE subcontract for Wards Island 87E was to furnish and install a pre-fabricated breaker house assembly for the project. The assembly to be furnished by SEA. JR Rey responsibility was to receive the assembly and make the final connections. The total subcontract was for $1,700,000. JR Rey issued a purchase order to SEA for $1,

4

600,000. Payment to be by joint check issued to JR Rey and SEA against and SEC account. The balance for labor, material, and margin.

20.     The JR Rey subcontract for Wards Island 87E was terminated prior to the delivery of the equipment.

21.     On information and belief, A Tech Enterprises, 90 White Street, NY, NY fulfilled the terms of the contract for Wards Island 87E. A Tech Enterprises is a certified MBE.

_____
John Rey

Sworn to before me this
11th day of August, 2009

_____
Notary Public

DINA M ALRABADI
Notary Public - State of New York
NO. 01AL6191290
Qualified in Westchester County
My Commission Expires

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

--------------------------------------------------------------------

FIRST KEYSTONE CONSULTANTS, INC.,         Index No.:  27095/05
ROBERT H. SOLOMON and JANE SOLOMON,

                   Plaintiffs,

       - against -                      **AFFIDAVIT OF**
                                            **JOHN REY**

DDR CONSTRUCTION SERVICES, SPECO
ELECTRIC, INC., CLIFFORD R.WEINER and
DEBBIE ANN WEINER,

                Defendants/Third-Party Plaintiffs,
       - against -

SCHLESINGER ELECTRICAL CONTRACTORS,
INC. and JACOB LEVITA,

                  Third-Party Defendants.

--------------------------------------------------------------------

STATE OF NEW YORK    )
                       )SS.
COUNTY OF QUEENS    )

    **JOHN REY**, having been duly sworn, says:

I am the author of the attached affidavit dated August 11, 2009, and reaffirm the truth of each and every item contained therein.

I am the recipient of a subpoena served by Defendants/Third-Party Plaintiffs.  The court should know that this subpoena was issued at my request because of my concern that my health problems may interfere with my ability to be at a trial of this matter.  I have suffered from a heart condition for two years that has gotten progressively worse, particularly due to the stress of legal difficulties that have developed over the Principal Contracts.

I am informed that the August 3, 2009 trial was adjourned due to motion practice by the Third-Party Schlesinger Defendants, including Schlesinger-Siemens Electrical, LLC ("SSE JV").  It is my firm belief that the outrageous behaviors by the Schlesinger Defendants and SSE JV over the course of the past few years must be exposed for what they are, and for that reason I request that my deposition take place immediately.

                                                      _____
                                                     John Rey

Sworn to before me this
2͟1͟ᵗʰday of August, 2009

_____
Notary Public

DINA M ALRABADI
Notary Public - State of New York
NO. 01AL6191290
Qualified In Westchester County
My Commission Expires ͟8͟|͟1͟1͟|͟2͟2͟1͟2͟

1