# EXHIBIT Q

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
FIRST KEYSTONE CONSULTANTS, INC.,        Index No. 27095/05
ROBERT H. SOLOMON and JANE SOLOMON,

                  Plaintiffs,

        -against-                  **AFFIDAVIT**

DDR CONSTRUCTION SERVICES, SPECO
ELECTRIC, INC., CLIFFORD R. WEINER and
DEBBIE ANN WEINER,

        Defendants/Third-Party Plaintiffs,

        -against-

SCHLESINGER ELECTRICAL CONTRACTORS,
INC., and JACOB LEVITA,

        Third-Party Defendants.
-------------------------------------------------------------------X
STATE OF NEW YORK     )
COUNTY OF  QUEENS   )ss.:

     **JOSEPH GUDDEMI** being duly sworn deposes and says:

    1.    I have personal knowledge of the matters sworn to herein.

    2.    I have worked as a consultant for Schlesinger Siemens Electrical, LLC since the award of the 26th Ward project. My role is oversight of financial administration for Schlesinger Siemens Electrical, LLC in Maspeth, New York.

    3.    Schlesinger Siemens Electrical, LLC is the electrical prime contractor of record for 26th Ward project with the DEP which was awarded August 31, 2005. The LLC is also the electrical prime contractor of record for DEP projects known as Wards Island 79E, Wards Island 87E (BNR), Croton E1 and Croton E2. The LLC is a subcontractor for WDF and Sharon projects. These are the only current LLC projects.

    4.    It is my responsibility, from the Maspeth, New York office, to prepare requisitions in the name of Schlesinger Siemens Electrical, LLC that are submitted to the New York City

Department of Environmental Protection (the "DEP") for each construction job separately for which the LLC is a prime contractor.

5. The LLC does not requisition the DEP for the WDF and Sharon projects. The LLC, is a subcontractor on these jobs and does not have a contractual relationship with the DEP on these projects. The LLC has not requisitioned the prime contractor for WDF and Sharon projects.

6. The Maspeth, New York office does not maintain copies of any draft requisitions. Rather, it only maintains final requisitions to the DEP.

7. Payment of the requisitions by the DEP is not made to Schlesinger Siemens Electrical, LLC in Maspeth, New York.

8. Rather, payments on requisitions are received by Schlesinger Siemens Electrical, LLC in Alpharetta, GA. Siemens in Alpharetta, GA maintains those accounts.

9. Schlesinger Siemens Electrical, LLC in Maspeth, New York does not have personal knowledge of the accounts and financial records that are maintained by Siemens in Alpharetta, GA relating to the construction projects.

10. Schlesinger Siemens Electrical, LLC in Maspeth, New York does not maintain the underlying financial data that is referenced in any Board of Managers meeting minutes, does not maintain balance sheets and income statements for 2005 and 2006, does not have monthly and quarterly reports for 2007 and does not maintain Board of Managers documents that reflect anticipated gross profits.

11. Other than the requisitions themselves, Schlesinger Siemens Electrical LLC in Maspeth, New York does not maintain business records to reflect project status based upon percentage completion and the amount earned but not billed for each project.

12. Siemens of Schlesinger Siemens Electrical, LLC in Alpharetta, GA maintains its own records with respect to billings for equipment for the projects that are being performed by

the LLC and all job costs and administrative overhead as they are invoiced by the LLC in Maspeth, New York.

13.    Siemens in Alpharetta, GA maintains its own records with respect to project funds received from the New York City Department of Environmental Protection and costs incurred with respect to each of the projects being performed by the Schlesinger Siemens Electrical LLC.

14.    Siemens uses its own funds to finance the construction projects and to pay invoices from Schlesinger for Schlesinger Siemens, LLC in Maspeth, New York.

15.    Because the LLC in Maspeth, NY does not receive any monies directly from the DEP, Schlesinger Siemens, LLC in Alpharetta, Georgia currently transfers monies to a Schlesinger bank account in Long Island City, New York, a general operating account, to enable the LLC to pay invoices from its local suppliers/vendors/consultants and payroll, among other things.

16.    The Schlesinger bank account to which Schlesinger Siemens, LLC in Alpharetta, Georgia transfers monies in Long Island City is currently under my supervision and direction since July, 2007.

17.    The monies received by the LLC from the DEP do not fully cover the amount of the invoices from local suppliers/vendors/consultants. Siemens charges Schlesinger interest for monies advanced.

18.    Prior to July, 2007, the monies transferred from Alpharetta to New York were to the same Schlesinger bank account but were not under my direction, supervision and control, but was under the direction, supervision and control of Schlesinger.

19.    Since Schlesinger Siemens Electrical, LLC in New York only had one project for a period of time, i.e., the 26th Ward project, the account to which Siemens electronically transferred monies to was titled Schlesinger 26th Ward special account and was the general operating account.

20.     Soon after I assumed direction and supervision of this account, the title of this account was changed to Schlesinger Electrical Contractors, Inc. Special Account.

21.     Prior to July 2007, it was my responsibility to invoice Siemens but not my responsibility to pay the invoices to local vendors/suppliers/consultants and/or payroll which was performed by Schlesinger. I have no personal knowledge regarding same.

22.     The amount of monies transferred from Alpharetta to Long Island City is based on the invoices from local vendors/suppliers/consultant and payroll which I submit to Siemens in Alpharetta.

23.     The invoices that I submit to the LLC in Alpharetta are grouped and organized by each construction project but the monies transferred to Maspeth are wire transferred in a lump sum, the total of which is the exact amount of the sum of the invoices for each project.

24.     Upon receipt of such lump sum, I initiate a transfer from the account to which the lump sum was transferred to separate accounts for each project in the same amount that was invoiced to the LLC in Alpharetta.

25.     From these separate accounts for each construction project I pay invoices as they are incurred for each separate construction project.

26.     Siemens in Alpharetta, GA has provided to the LLC in New York on occasion with a summary of monies received, monies paid, and costs incurred per project. The last such summary was in May or June 2007 and reflected total negative cash for all LLC projects of $5.8 million dollars.

27.     Administrative expenses and overhead that are charged to a project can be allocated by project if and when a final accounting is rendered upon completion of a project if and when there is going to be a distribution in connection with one of the construction projects.

28.     It is simply untrue that Schlesinger Siemens Electrical LLC in Maspeth, New York has used funds for the 26th Ward project to pay invoices for any other project.

29.     Once again, it is Siemens in Alpharetta, GA for Schlesinger Siemens Electrical,

LLC that maintains all financial records with respect to all project funds received, all funds

advanced by Siemens to pay the invoices for each project and each project's equipment, labor,

costs, administrative overhead that is incurred by Schlesinger Siemens Electrical, LLC.

JOSEPH GUDDEMI

Sworn to before me this
25th day of October, 2007

Notary Public

CARIDAD RIVERA
Notary Public, State of New York
Reg. No. 01RI6137960
Qualified in Queens County
Commission Expires 12/05/2009