# POLLOCK | COHEN LLP
60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

October 7, 2020

**VIA ECF**

Hon. Andrew L. Carter Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: <u>U.S. ex rel. Weiner v. Siemens AG et al.</u>, S.D.N.Y. No. 12 Civ. 01466

Dear Judge Carter:

  We submit this pre-motion letter pursuant to the Court's September 18, 2020 order, ECF no. 69., in response to Defendants' pre-motion letter dated October 2, 2020, ECF. no. 71 ("Def. Let."). Defendants' arguments in that letter are without merit: (1) There is no defect in service; and (2) Relator has adequately pled a federal nexus.[1]

  **Background:** Relator alleges that, in connection with federally-funded projects, the Defendants: (1) engaged in pass-through kickback schemes in order to certify compliance with Minority Business Enterprises requirements; and (2) falsified compliance with master electrician's license requirements.[2] At this point, Defendants cannot seriously dispute that the substance of these allegations are true. Indeed, the City of New York settled a parallel state court action based on Relator's allegations for $1.5 million,[3] and Defendants entered into a Deferred Prosecution Agreement with the Manhattan District Attorney relating to the conduct. This action involves the *federal* claims arising out of the same actions.

  On December 11, 2015, Your Honor directed: "The seal imposed by this Court … is hereby extended, and … the Complaint shall remain under seal until further order of this Court … The seal remain in place pending a status conference, to be requested by Relator…." ECF no.

---

[1] Defendants' letter states that they intend to move for summary judgment on various grounds that they do not raise at this stage. Def. Let. at 1 n.2. We will address those grounds when (and if) Defendants raise them by later motion.

[2] Defendants make gratuitous attacks on Relator by stating, without any support, that he was "complicit" in Defendants' frauds. But they fail to mention that the State court already rejected this argument and found that Relator was not involved in the frauds. *City of New York v. Siemens Elec., LLC*, No. 104330/2012, 2020 WL 2114195, at *7 (Sup. Ct., N.Y. Cty. Apr. 2, 2020).

[3] Relator is now appealing the amount of that settlement and his Relator's share.

Hon. Andrew L. Carter Jr.
October 7, 2020
Page 2 of 4

61. By order dated June 26, 2018,[4] this Court ordered the Complaint unsealed, but it did *not* order service of the Complaint. ECF no. 35.

On September 3, 2020, the Court directed the Parties to submit a joint status report, ECF no. 62, which the parties did on September 17, 2020, ECF no. 64. In that report, Relator requested that this Court hold the status conference per this Court's earlier order.

**There is no defect in service warranting dismissal of this action:** Defendants argue that this case should be dismissed for want of service. Def. Let. at 2. But there is no defective service in this case for a simple reason: The False Claims Act requires a relator to serve the defendant *only after a court orders service*, but this Court has yet to do so. *See* 31 U.S.C. § 3730(b)(2) (qui tam complaint "shall not be served on the defendant until the court so orders"). We requested in our letter, dated October 2, 2020, ECF no. 70, that the Court do so.

Defendants argue that FRCP 4 requires a relator to serve the complaint within 90 days of the complaint's unsealing. *See* Def. Let. at 2. But neither the rule nor the statute dictate that result: Neither prescribes a time period relating in any way to the *unsealing* of the complaint. In fact, compliance with Rule 4(m)'s 90-day time limit would be impossible in virtually every *qui tam* case, as they are filed under seal and typically remain so for years. Accordingly, the FCA *supersedes* Rule 4 by providing a unique service provision for FCA cases. The statute does not prescribe a specific time period relating in any way to the *unsealing* of the complaint but holds service until the court orders service in that particular case. Defendants' unreported cases, quite simply, do not override this clear statutory mandate and anyway involve distinguishable facts.

But even if Rule 4(m)'s 90-day time period did apply, courts have discretion to excuse strict compliance where "good cause" is shown. Relator has demonstrated good cause because the absence of service conforms with both the FCA and this Court's orders. Second, the Second Circuit has held that even in the absence of good cause, a court may excuse strict compliance with Rule 4. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007). Courts routinely excuse strict compliance where, as here, Defendants have long had notice of the complaint and suffer no prejudice from the delay. *See Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986).

Defendants' argument, without any meaningful legal analysis, that this case should be dismissed for failure to prosecute is also without merit. Under the factors outlined by the Second Circuit: Relator was not on notice that further delays would result in dismissal; delay will not prejudice the Defendants; the balance of circumstances favors protecting Relator's due process rights; and in the context of this nearly decade-old case—and in the absence of a court order permitting Relator to serve the Complaint—the delay is not "substantial." *See Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Tellingly, Defendants fail to list, let alone consider these factors in their letter. Instead, Defendants rely on unreported, inapposite cases.

---

[4] Although dated June 26, 2018, this order was not entered into ECF until August 26, 2019.

Hon. Andrew L. Carter Jr.
October 7, 2020
Page 3 of 4

Indeed, one of Defendants' two cases found dismissal unwarranted and noted that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 2010 WL 890236, at *2 (S.D.N.Y. Mar. 9, 2010) (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

**Relator has alleged a cognizable claim tied to payment of federal funds:**
Defendants next argue that Relator has failed to "state a cognizable nexus to federal funds." Def. Let. at 3. Relator has, however, adequately alleged a connection to federal funding, Compl. ¶¶ 20–21, and his allegations are accepted as true at this stage and "all reasonable inferences" are drawn in his favor. *See United States v. Wells Fargo & Co.*, 943 F.3d 588, 594 (2d Cir. 2019).

The FCA covers "any portion of money," "provided" by the federal government, to a "grantee" or "other recipient" that "advance[s] a Government program or interest." *See* 31 U.S.C. § 3729(b)(2); *see Wells Fargo*, 943 F.3d at 596. Plainly, the complaint alleges an adequate nexus under this "capacious" standard. *See Wells Fargo*, 943 F.3d at 596. It alleges that Defendants entered into seven contracts with the New York City Department of Environmental Protection, which receives 80% of its funding from the New York State Revolving Clean Water Fund, which is funded by the federal government through the *federal* Clean Water State Revolving Fund. *See* Complaint ¶¶ 20–21.

Defendants' out-of-circuit, unreported, and inapposite cases do not help them. *See* Def. Let. at 3. For instance, Relator has provided "at least some explanation of the billing structure" leading to federal funds, *see U.S. ex rel. Grant v. United Airlines Inc.*, 912 F.3d 190, 198 (4th Cir. 2018); Def. Let. at 3; and Defendants cannot seriously question that federal money was used to pay the contracts at issue. In any case, Relator seeks to amend the Complaint, which will permit him to add further detail on the federal nexus.

Defendants also argue—relying on *Allison Engine Co. v. U.S. ex rel. Sanders*, 553 U.S. 662 (2008)—that under the "presentment" requirement in effect under the federal FCA prior to May 20, 2009, Relator must allege that Defendants had directly presented claims for payment to the United States. What they fail to mention, however, is that Congress overruled the *Allison Engine* decision in 2009 and provided for the amendment's *retroactive* application. Today, by its clear statutory language, 31 U.S.C. § 3729(a)(1)(B) does *not* have a presentment requirement. And indeed, the Second Circuit has made clear that it will apply the revised statute for claims—as here—pending on or after June 7, 2008.[5] *U.S. ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 113 (2d Cir. 2010), *rev'd and remanded on other grounds*, 563 U.S. 401 (2011).

---

[5] Defendants' citation to *U.S. ex rel. Osmose, Inc. v. Chem. Specialties, Inc.*, 994 F. Supp. 2d 353, 361 (W.D.N.Y. 2014) only confirms this. *See id.* ("The amended version of 3729(a)(1)(B) … applies to all allegedly fraudulent claims … inasmuch as this case was commenced after June 7, 2008.").

POLLOCK | COHEN LLP

Hon. Andrew L. Carter Jr.
October 7, 2020
Page 4 of 4

\* \* \*

Thank you for Your Honor's consideration in this matter.

Respectfully submitted,

/s/ *Adam Pollock*

Adam Pollock

POLLOCK | COHEN LLP