kaedusac
                        Teleconference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA, et
al.,

                Plaintiffs,        New York, N.Y.

            v.                        12 Civ. 1466(ALC)

SIEMENS AG, et al.,

                Defendants.

------------------------------x

                                     October 14, 2020
                                     10:00 a.m.

Before:

                    HON. ANDREW L. CARTER, JR.,

                                     District Judge

                    APPEARANCES (via telephone)


POLLOCK COHEN LLP
     Attorneys for Plaintiff Ex Rel Clifford Weiner
BY:  ADAM LEWIS POLLOCK
     STEVE COHEN
     JAMES WISEMAN

BINDER & SCHWARTZ LLP
     Attorneys for Defendants Siemans Corp., et al.
BY:  WENDY HELENE SCHWARTZ
     MARTIN TOMAS MURPHY
     TRAVIS ALEXANDER GONYOU

kaedusac

Teleconference

1          (Teleconference established)

2          THE CLERK:  Counsel, I'm just asking that you would

3    state your name prior to speaking each time and when you are

4    not addressing the Court, to please place your phone on mute.

5    We do have a court reporter on the line.  We would like an

6    accurate record of today's proceeding.  Thank you.

7          Civil cause for a telephone status conference in case

8    number 12-cv-1466, United States, et al. versus Siemans AG, et

9    al.

10          Counsel, please state your appearance for the

11    plaintiff.

12          MR. POLLOCK:  Hi.  Good morning, your Honor.  This is

13    Adam Pollock for the qui tam Relator, Cliff Weiner.  I am

14    joined today -- I have the joy of being joined today by my

15    10-year-old daughter Madeline, who is in fifth grade, and as a

16    minor silver lining of COVID can join for a court proceeding in

17    the middle of the day.  I'm also joined by my colleagues Steve

18    Cohen and James Wiseman.

19          THE CLERK:  And for the defendants?

20          MS. SCHWARTZ:  Good morning, your Honor.  This is

21    Wendy Schwartz, from Binder & Schwartz, and I'm joined by my

22    colleagues Tom Murphy and Travis Gonyou.

23          THE CLERK:  Thank you.

24          THE COURT:  OK.  Good morning, everyone.  I hope

25    everyone is safe and healthy.

kaedusac
Teleconference

1          I've reviewed the parties' letters about how they

2    would like to proceed with this case, and today I want to ask a

3    couple of clarifying questions and then allow the parties to

4    respond to my proposal for how to move forward with this case.

5          Relator has said he would like to amend the complaint.

6    At first Relator mentioned adding a claim for retaliation but

7    has recently indicated that he will not do so.  Let me get a

8    clear sense as to the nature of the amendment that Relator

9    would like to make.

10          MR. POLLOCK:  Thank you, your Honor, and for the

11    record, this is Adam Pollock.

12          We -- you're correct that we are not -- are not going

13    to be adding a retaliation claim.  We would like to -- you

14    know, pride of authorship, we are substitute counsel, we would

15    like to amend the complaint, not to expand the liability but

16    just to clarify and add more details as to the liability and as

17    to the federal funds issue that defendants have raised.  We

18    think it would be helpful to write the complaint with our own

19    authorship, as it were.

20          THE COURT:  OK.  Let me also get some clarification on

21    this.  Counsel has not appeared for Siemans AG.  Defendants

22    have pointed out in one of their submissions that Siemans AG is

23    a foreign corporation and asserted that Relator has not pleaded

24    facts demonstrating this Court's jurisdiction over Siemans AG.

25          Relator, do you have any response to that, and does

kaedusac
                        Teleconference

1    either party have any insight as to whether Siemans AG is going

2    to be appearing prior to service?

3            MR. POLLOCK:  My feeling is that, as we go ahead and

4    draft the amended complaint, that we would seriously consider

5    defendants' point as to the foreign parent, Siemans AG, and

6    would consider omitting them, dropping them from an amended

7    complaint.

8            THE COURT:  OK.  Anything from defendants on that?

9            MS. SCHWARTZ:  Your Honor, this is Wendy Schwartz.

10           If Siemans AG were to be served pursuant to the Hague

11   Convention, then it obviously would do whatever it would need

12   to do, but until that point, I do not believe anyone from

13   Siemans AG would be making an appearance.  And I do urge

14   Relator to consider dropping that entity.  There is no

15   conceivable relation between that entity and these claims.

16           THE COURT:  OK.  Thank you.  Here's my proposal.  Then

17   I want to hear from counsel as to any thoughts they have about

18   that.

19           It seems to me that it makes sense to grant defendants

20   leave to move to dismiss for failure to prosecute and perhaps

21   for lack of service, although maybe that's not as important

22   now.  Then if Relator's claim survives that motion, we can move

23   on to an amendment of the complaint and service, and then at

24   that point defendants can move to dismiss the complaint, or the

25   amended complaint, on the merits.

kaedusac
                              Teleconference

1           Let me hear from the parties regarding that proposal,

2    starting with Relator.

3           MR. POLLOCK:  Your Honor, that order makes sense to

4    me.  I appreciate that.  I think that we can certainly address

5    defendants' arguments as to failure to prosecute and service

6    that they mention in their premotion letter -- I think we have

7    good responses to those -- and so that order of things makes

8    sense to me.

9           THE COURT:  OK.  What about defendants, what are your

10   thoughts, defendants?

11          MS. SCHWARTZ:  Your Honor, that makes sense to us as

12   well.  I will say that the lack of service is in our view a

13   very serious issue.  And I want to point out, as we have said

14   in our papers and our notices of appearance, that we are here

15   to avoid any misunderstanding about the claims against the

16   Siemans defendants, but there has never been any service of any

17   of the Siemans defendants, and we are not waiving service.

18          THE COURT:  OK.  All right.  So let's go ahead and set

19   a schedule then for the defendants to file their motion to

20   dismiss for failure to prosecute and for lack of service.

21          How soon can the defendants file that motion?  Well,

22   let me just give you a date.  How about let's have the

23   defendants file that motion in three weeks?  Does that work for

24   defense counsel?

25          MS. SCHWARTZ:  Your Honor, if I could ask for four

kaedusac
Teleconference

1   weeks only because I'm about to embark on a week-long

2   arbitration, so my time is limited in the next seven days.

3           THE COURT:  All right.  That's find.  So four weeks

4   for the motion.  What date is that, Tara?

5           THE CLERK:  November 4th.

6           THE COURT:  OK.  And then we'll have the plaintiffs

7   respond.  Four weeks after that should be when, Tara?

8           THE CLERK:  December 8th.

9           THE COURT:  OK.  And then any reply should be filed by

10  December 22nd.

11          And then once that's decided, if necessary, we'll move

12  on to dealing with an amended complaint and the like.

13          Anything else from the parties?

14          (Pause)

15          OK.  We're adjourned.  Thank you.

16          MS. SCHWARTZ:  Thank you, your Honor.

17          MR. POLLOCK:  Thank you, your Honor.

18          (Adjourned)

19

20

21

22

23

24

25