USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___8/10/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
United States of America, State of New York
*ex rel.* Clifford Weiner,

        Plaintiffs,    1:12-CV-01466-ALC

   -against-       <u>Opinion and Order</u>

Siemens AG, et al.,

        Defendants.

------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

  Plaintiff-Relator Clifford Weiner ("Relator") brings this *qui tam* action under the federal False Claims Act, 31 U.S.C. §§ 3729–3732 ("FCA") and the New York False Claims Act, New York State Finance Law §§ 189-194 ("NYFCA") on behalf of the United States and the State of New York against Siemens Corporation; Siemens AG; Siemens Industry, Inc.; and Siemens Electrical, LLC, f/k/a Schlesinger-Siemens Electrical, LLC (collectively, the "Defendants"). Relator alleges that Defendants made false or fraudulent statements to the New York City Department of Environmental Protection for payments and license approval. He seeks, among other things, monetary damages, civil penalties, and all costs and expenses. Before the Court is Defendants' motion to dismiss for (1) insufficient service of process and (2) failure to prosecute. After careful consideration, the motion to dismiss is hereby granted in part and denied in part.

## PROCEDURAL HISTORY AND BACKGROUND

  Relator filed his original *qui tam* complaint on February 23, 2012. ECF No. 36. From March 1, 2012 to June 26, 2018, this action remained under seal. During that period, this Court partially lifted the seal on three occasions to permit certain limited disclosures. On June 26, 2018,

on motion by the United States, this Court lifted the seal on the case. The procedural history of this case is further detailed below.

  A. The United States Declines Intervention

On March 1, 2012, Relator obtained permission to file the complaint and caption under seal. ECF No. 37. From April 2012 to November 2012, this Court granted numerous requests from the United States and the State of New York to extend the seal and time to intervene. ECF Nos. 42, 43. In November 2012, the United States declined to intervene. *Cf.* ECF No. 44 ¶¶ 1.

  B. Disclosure to the City of New York

Although the United States declined to intervene, the State of New York obtained additional extensions on the seal and time to intervene through January 2014. ECF Nos. 45–50. On January 15, 2014, this Court lifted the seal for "the limited purpose of permitting the Office of the New York Attorney General or the United States, at their discretion, to disclose [certain information] to the New York City Law Department and the Corporation Counsel of the City of New York about this case." ECF No. 52. The Court permitted disclosure of "(i) the existence of th[e] action, (ii) the allegations set forth in the qui tam complaint and the complaint itself; (iii) this Court's [Sealing] Order dated March 1, 2012; and (iv) th[e] Order" itself." ECF No. 52. That Order further instructed that "all filings in th[e] case, and on the Complaint for all other purposes, shall remain under seal until further order of th[e] Court." ECF No. 52.

  C. Disclosure to the Siemens Defendants

This Court granted further extensions of the seal and time to intervene to the State of New York through October 2014. ECF Nos. 53–56. On October 2, 2014, this Court partially lifted the seal to permit the New York City Law Department and the Corporation Counsel of the City of New York "at their discretion" to disclose the action, including the complaint itself, to Defendants.

ECF No. 54 ¶¶ 3. That order otherwise extended the seal on the case. ECF No. 54. The City of New York later disclosed the *qui tam* complaint to Defendants. ECF No. 59.

D. Disclosure to Peter H. Woodin

In an order further extending the seal on the case, this Court directed the City of New York to "notify the Court whether it intend[ed] to supersede or intervene in th[e] action" and, if so, to file its superseding complaint or complaint-in-intervention. ECF No. 57. It also granted the New York City Law Department access to the sealed court file. *Id*. On September 22, 2015, this Court partially lifted the seal to permit the City of New York and Defendants to disclose "the existence of the action" to an attorney named Peter H. Woodin. ECF No. 60 ¶¶ 2.

E. December 11, 2015 Order

On December 11, 2015, this Court dismissed the NYFCA claims pursuant to 28 U.S.C. 1367(c), declining to exercise supplemental jurisdiction over them. ECF No. 61 ¶¶ 2. It also instructed that the seal "shall remain in place pending a status conference, to be requested by Relator, regarding Relator's intent to continue to pursue the United States' claims against Defendants." ECF No. 61 ¶¶ 4. Relator did not immediately respond.

F. June 26, 2018 Order and October 14, 2020 Conference

On June 26, 2018, on letter motion from the United States, this Court unsealed "plaintiff-relator's *qui tam* complaint, all Court orders, and the Government's Notice of Decision to Decline Intervention" and lifted the seal "as to all matters occurring in th[e] action subsequent to the entry of th[at] order." ECF No. 35. On September 3, 2020, this Court directed the Parties to file a status report. ECF No. 62. The status report, filed on September 17, 2020, contained a request from Relator to "hold the status conference per the Court's earlier [December 11, 2015] order." ECF

No. 64 at 2. Relator also wrote that should Defendants want formal service he could serve them "immediately after such an order from th[e] Court." *Id.*

The Court held a status conference on October 14, 2020. During that conference, the Court directed Defendants to move to dismiss limited to (i) insufficient service of process and (ii) failure to prosecute. ECF No. 83. On November 14, 2020, Defendants filed the motion and accompanying memorandum of law. ECF Nos. 75, 76. Relator filed his opposing memorandum of law on December 8, 2020. ECF No. 77. Defendants filed a reply, which included a declaration, on December 22, 2020. ECF No. 78, 79. The Court considers the motion fully briefed.

## DISCUSSION

### I. Insufficient Service of Process

Fed. R. Civ. P. 12(b)(5) provides for dismissal of an action if service of process was not timely effected in accordance with Rule 4 of the Federal Rules of Civil Procedure. Once "a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (parentheses omitted)). A court analyzes a Rule 12(b)(5) motion to dismiss for insufficient service of process by looking to Rule 4, which "governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Group, Inc.*, 695 F.Supp.2d 54, 64 (S.D.N.Y. 2010) (citing Fed. R. Civ. P. 4) (citations and internal quotation marks omitted).

Fed. R. Civ. P. 4(m) states: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period." *Id*. "[D]istrict courts have the discretion to grant extensions of the service period even when there is no good cause shown." *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (citing *Henderson v. United States*, 517 U.S. 654, 662–63 (1996) (citations omitted)).

   A. Timeliness of Service

The federal FCA allows private individuals to bring *qui tam* suits on behalf of the United States. 31 U.S.C. § 3730(b)(1). It also contains a sealing requirement, which stipulates that the complaint be filed under seal and "shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). "The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure." 31 U.S.C. § 3730(b)(3).

As a preliminary matter, the Court will address the parties' dispute about whether the 90-day service period[1] has run. The Court disagrees with Defendants' contention that it is well-settled that the service period begins immediately at the unsealing of the complaint. In general, Rule 4(m) requires plaintiffs to serve a summons and complaint on defendants within 90 days after filing the complaint. But, here, where Section 3730(b) applies, the plain text of the FCA states that plaintiff-relators ought to wait "until the court so orders" to serve defendants. Defendants have not cited, nor is the Court aware of, any binding precedent that holds that an order lifting the seal on a case, absent direct instruction to serve, immediately triggers the service period under Rule 4(m).

Defendants rely in part on the Second Circuit decision in *Pervez* to support the proposition that the service period begins to run after unsealing the complaint. Defs'. Br. at 6–7;

---

[1] Or the 120-day clock if the old version of Rule 4(m) is applicable. But whether the 90-day or 120-day rule controls here is of no moment in this case.

5

Rep. Br. at 3–4 (citing *U.S. ex rel. Pervez v. Maimonides Med. Ctr.,* 415 Fed. Appx. 316 (2d Cir. 2011) (summary order)). But that case does not appear to control this question. There, the Second Circuit solely took up the failure to prosecute issue—not insufficient service of process. *Pervez,* 415 Fed. Appx. at 316 ("On appeal, Maimonides argues that the district court abused its discretion in denying its motion to dismiss the complaint with prejudice pursuant to [Rule] 41(b)."). In *Pervez*, Defendant Maimonides Medical Center, like Defendants in the present case, moved to dismiss for insufficient service of process and failure to prosecute. The district court unsealed the complaint (but did not explicitly instruct plaintiff-relator to serve defendants) on September 23, 2008,[2] and Pervez did not serve Maimonides until September 4, 2009. *Id.* Because Pervez did not serve Maimonides until 226 days after lifting the seal, admitted that the delay was "entirely voluntary" and not due to "circumstances beyond his control," and did not request any extension for time to complete service, the district court granted the motion to dismiss for insufficient service of process. *Id.* As for the failure to prosecute issue, the *Pervez* court declined to dismiss with prejudice, which is the single issue the Second Circuit addressed on appeal. When the Second Circuit affirmed, they did not decide whether the service period runs immediately upon the unsealing of a *qui tam* action absent express instruction from the court. In addition, they ruled by summary order, and in this Circuit such orders do not create binding precedent in other cases. *See* 2d Cir. R. 32.1.1(a) ("Rulings by summary order do not have precedential effect."); *see also Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Inc.*, 684 F.Supp.2d 407, 409 (S.D.N.Y. 2010) ("While a Summary Order does not serve as

---

[2] Order, *U.S. ex. rel. Pervez v. Maimonides Med. Ctr.*, No. 06-CV-4989 (S.D.N.Y. Sept. 23, 2008), ECF No. 8 ("The Clerk of the Court is directed to unseal this action. Counsel for the relator shall inform the Court by letter no later than October 6, 2008 as to the status of the action/remaining claims/defendants.").

precedent with respect to other cases, it unquestionably is binding with respect to future proceedings in the very same case in which it is decided.").

The out-of-circuit case cited, *Mailly*, is also not so helpful for Defendants. The district court there both ordered the initial complaint unsealed *and* explicitly ordered service of the defendants. *U.S. ex rel. Mailly v. Healthsouth Holdings, Inc.*, No. CIV.A. 07-2981, 2010 WL 149830, at *1 (D.N.J. Jan. 15, 2010) (citation omitted) ("On May 19, 2008, the Court unsealed the Complaint and ordered Plaintiff–Relators to serve Defendants."). Because that court issued an unsealing order that instructed plaintiff-relator to serve defendants, there is no question that the service period started to run immediately upon lifting the seal.[3]

Moreover, it is not unreasonable that Relator would exercise caution not to serve Defendants to avoid sanctions. The Supreme Court has written in dicta that district courts have inherent power to impose dismissal with prejudice, or lesser sanctions, for violations of Section 3730(b)(2).[4] *State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436, 444 (2016) ("Remedial tools like monetary penalties or attorney discipline remain available to punish and

---

[3] Like in *Mailly*, other judges in this district court have issued unsealing orders that expressly authorize plaintiff-relators to serve defendants in *qui tam* suits. *See, e.g.*, Op. & Order on *Qui Tam* Plaintiff's Mot. to Unseal and for Discovery and Fees and Costs, *U.S. ex rel. Backer v. Cooperatieve Rabobank, U.A., et al.*, No. 17-CV-2708 (LGS) (S.D.N.Y. Oct. 2, 2019), ECF No. 18 at 9 ("Plaintiff is directed to serve the Complaint and this Order on Defendants **within 30 days from the date of this Order**.") (emphasis in original); Order, *U.S. ex rel. J. Doe v. Public Health Solutions*, No. 16-CV-6029 (PAE) (S.D.N.Y. Oct. 26, 2020), ECF No. 11 ¶¶ 1 ("The complaint shall be unsealed thirty days after entry of this Order and, in the event that relator has not moved to dismiss the action, service upon the defendant by the relator is authorized as of that date."); Order, *U.S. ex rel. Jay Meyer v. Praxair Inc. et al.*, No. 16-CV-3993 (VSB) (S.D.N.Y. Nov. 14, 2018), ECF No. 6 ("Service of the Complaint upon the Defendants by the Relator is authorized as of today's date."); Order, *U.S. ex rel. David S. Leest v. LB&B Assoc. Inc.*, No. 16-CV-9711 (RA) (S.D.N.Y. May 7, 2018), ECF No. 9 ¶¶ 1 ("The Complaint shall be unsealed thirty days after entry of this Order; and, in the event that relator has not voluntarily dismissed this action prior to that date, service of the *qui tam* Complaint upon the defendant by the relator is authorized as of that date."); Order, *U.S. ex rel. Leonard A. Pelullo*, No. 16-CV-5694 (KBF) (S.D.N.Y. Feb. 28, 2017), ECF No. 29 ¶¶ 1 ("The complaint and amended complaint shall be unsealed thirty days after entry of this Order, and service upon defendants by the plaintiff-relator is authorized at that time."); *U.S. ex rel. Craig W. Love v. Teach for America, Inc.*, No. 17-CV-2062 (KBF) (S.D.N.Y. Feb. 21, 2018), ECF No. 15 ¶¶ 1 ("The complaint shall be unsealed thirty days after entry of this order, and service upon defendant by the plaintiff-relator is authorized as of that date."). *But see, e.g.*, Order, *PPF Management LLC v. OJSC Sberbank of Russia et al.*, No. 16-CV-9139 (PGG) (S.D.N.Y. Jan. 6, 2017), ECF No. 6 (lifting seal only).
[4] In *State Farm Fire*, the Supreme Court abrogated a prior decision and held that a sealing violation does not mandate dismissal of a *qui tam* action but acknowledged that lesser sanctions may be imposed for noncompliance.

deter violations of the False Claims Act's (FCA) seal requirement even when dismissal is not appropriate."). During the almost six-year period that this case remained under seal, this Court partially lifted the seal for certain limited disclosures on three occasions. The Court's June 26, 2018 order lifted the seal on, *inter alia*, the complaint and "all matters occurring in th[e] action subsequent to the entry of th[at] order." The ambiguity surrounding when the service period would run absent a court order authorizing service coupled with the risk of sanction might explain why Relator did not serve Defendants.

Because it is not clear from existing law and court practice whether an express order to serve defendants is required for the service period to begin immediately in FCA cases, the Court can understand how Relator encountered some confusion. Nevertheless, to date Relator still has not served Defendants, so there is no way for this Court to determine that service was not untimely in this action.

B. Good Cause

Considering the confusion by Relator, the Court will now determine whether he has shown good cause for his failure to serve. The Court concludes that he has not. "Good cause or excusable neglect is generally found only in exceptional circumstances where plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control." *See McKibben v. Credit Lyonnais,* No. 98-CV-3358 (LAP), 1999 WL 604883, *3 (S.D.N.Y. 1999). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999); *Klein v. Williams*, 144 F.R.D. 16, 19-20 (E.D.N.Y. 1992). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *In re Veon Ltd. Sec.*

8

*Litig.*, No. 15-CV-08672 (ALC), 2018 WL 4168958, at *8 (S.D.N.Y. Aug. 30, 2018). Courts "have observed that the 'good cause' standard for delay in service of process [under 4(m)] and the 'due diligence' standard are practically the same." *Id.* (citing *In re Bozel*, No. 16-CV-3739 (ALC), 2017 WL 3175606, at *2 n.4.). "A party seeking a good cause extension bears a heavy burden of proof." *Forty Eight*, 187 F.R.D. at 505.

Here, Relator engaged in severely delayed efforts to try to effect service despite his purported confusion about when the service period would run. The Court lifted the seal on June 26, 2018, so, if the service period begins immediately upon unsealing the Complaint, the service period would have expired on October 24, 2018 (assuming the longer 120-day rule applied). Relator did not attempt service until September 17, 2020—requesting this Court issue an order authorizing service—approximately 23 months later. That request also came in response to a status report requested by this Court due to inactivity in this case.

While it may have been unclear for Relator whether the service period had run immediately after unsealing the complaint, he could have been more diligent. For instance, Relator could have sought clarification from the Court about whether the unsealing order gave him implied permission to serve defendants; requested an extension from the Court either 90 or 120 days after unsealing the complaint; or accepted this Court's initial offer for a status conference in December 2015 to discuss the proper timing of service. His minimal effort to serve cannot demonstrate reasonable diligence. *McKibben*, 1999 WL 604883 at *4 ("Though leniency may sometimes be appropriate, it is not warranted in this case because plaintiff has presented no circumstances that made service difficult or that could not have been overcome by the exercise of due diligence."). Furthermore, Relator does not explain why he simply waited around for an order from this Court instead of making an effort to attempt service. *U.S. ex rel. Landsberg v.*

*Levinson*, No. 2:03CV1429, 2006 WL 895044, at *7 (W.D. Pa. Mar. 29, 2006) ("Plaintiffs offer no explanation why they did not properly serve Defendants. Thus, the court has no basis upon which to conclude that good cause exists to excuse Plaintiffs' failure."). To the extent Relator intends to blame counsel for his inaction, "inadvertence, neglect, mistake, or misplaced reliance" is also not sufficient good cause. *Forty Eight*, 187 F.R.D. at 505.

Because Relator's request for this Court to order service came 23 months after the service period would have lapsed and he provides no explanation why he failed to exercise diligence earlier, the Court concludes that Relator has not met the heavy burden for a good cause showing.

C. Discretionary Extension

Relator requests that if he fails to show good cause, this Court grant him a discretionary extension. But the Court will not exercise its discretion to do so because all the relevant factors weigh in favor of Defendants. Absent good cause shown, district courts in this Circuit may grant discretionary extensions based on four factors: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant[s] had actual notice of the claims asserted in the complaint; (3) whether defendant[s] attempted to conceal the defect in service; and (4) whether defendant[s] would be prejudiced by extending plaintiff's time for service." *DeLuca,* 695 F.Supp.2d at 66 (collecting cases).

The first, second, and fourth factors are decisive.[5] On the first factor, the parties do not dispute that dismissal would require re-filing outside the limitations period. Defs.' Br. at 12; Opp. Br. at 13–14. Though the statute of limitations issue has not been fully briefed, this Court need not grant an extension just because Relator's remaining claims may have expired. *Cassano*

---

[5] The third factor is not applicable and Relator did not argue that Defendants concealed defective service. Opp. Br. at 13 ("[T]here was no occasion for Defendants to 'conceal a defect.'").

10

*v. Altshuler*, 186 F. Supp. 3d 318, 323–24 (S.D.N.Y. 2016) (citations omitted) ("[E]ven in light of the possible prejudice to Plaintiffs, the length of their delay and their lack of a justifiable excuse for failing to properly serve Defendants warrants dismissal.").

The second factor favors Defendants because even if they may have actual notice of the claims in the complaint, Relator has not diligently attempted to complete service. "Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 34 (W.D.N.Y. 1996); *see also Sartor v. Toussaint*, 70 Fed. Appx. 11, 13 (2d Cir. 2002) (summary order) ("Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process."); *Hood v. Ascent Med. Corp.*, No. 13–CV–628, 2014 WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014) ("A showing that a defendant had actual notice of the lawsuit is insufficient to defeat a motion to dismiss."); *Delicata v. Bowen*, 116 F.R.D. 564, 566 (S.D.N.Y. 1987) (citations omitted) ("[S]ome courts have considered the extent to which the defendant has been prejudiced by the delayed service . . . . [h]owever, these courts also found that plaintiff had been diligent in attempting to make service.).

The fourth factor is a tougher call but also weighs in favor of Defendants. This Court lifted the seal after approximately six years; *qui tam* suits can take years because the Government needs time to investigate before they decide whether to intervene. So even if Relator had served Defendants within 90 days after lifting the seal on the complaint, the relevant contracts and other evidence in the case would have been several years old anyway. But even the "absence of prejudice" does not excuse violation of Rule 4(m) where Relator has not diligently attempted service. *Id.*

Because all relevant factors favor Defendants, the Court denies Relator's request for a discretionary extension. The case is therefore dismissed without prejudice for insufficient service of process.

## II.     Failure to Prosecute

The Court now turns to Defendants' contention that this action should be dismissed with prejudice for failure to prosecute. The Court declines to impose such a harsh remedy on Relator under the circumstances.

The district court has discretion to dismiss an action for failure to prosecute pursuant to Rule 41(b). *See Jenkins v. City of New York*, 176 F.R.D. 127, 128–29 (S.D.N.Y. 1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). It may do so *sua sponte* or on a party's motion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Second Circuit has "repeatedly emphasized" that "dismissal [for lack of prosecution] is a harsh remedy to be utilized only in extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Dismissal with prejudice should only be imposed after a showing "of willfulness, bad faith, or reasonably serious fault." *Mitchell v. Lyons Prof'l Servs. Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (citation omitted). Indeed, such a dismissal "must be supported by clear evidence of misconduct." *Id*.

In determining whether to dismiss an action under Rule 41(b), courts in the Second Circuit consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a

fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996).

The Court concludes that the factors do not weigh in favor of dismissal. The notice, balance of interests, and lesser sanctions prongs are decisive here. First, regarding notice, the Court is aware that Relator did not immediately respond to its December 11, 2015 order inviting him to request a status conference, but that order does not constitute sufficient notice or warning of dismissal. Had the Court threatened dismissal for failure to prosecute in that order, as is its practice before dismissing a case on such grounds, Defendants would have a stronger case that Relator has intentionally or willfully failed to pursue this case. Second, the balance of interests weighs against Defendants. The Court appreciates Defendants' concern about conserving judicial resources, but the Court has only reviewed a handful of submissions and held a telephone conference. The Court is not persuaded that these efforts have wasted judicial resources or denied other parties access to the courts. Third, the Court has considered lesser sanctions and concludes that dismissal with prejudice would be too extreme. The Court, therefore, refuses to dismiss this case with prejudice for failure to prosecute.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The Clerk of Court is directed to terminate this case.

**SO ORDERED.**

**Dated**: August 10, 2021
New York, New York

The Hon. Andrew L. Carter, Jr.
United States District Judge