UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

UNITED STATES OF AMERICA, STATE OF NEW :
YORK *ex rel.* CLIFFORD WEINER,                          :
                                                         :
                                  **Plaintiffs,**    :    1:12-CV-01466 (ALC)
                                                         :
                 -against-                           :    **OPINION AND ORDER**
                                                         :
SIEMENS AG, SIEMENS CORPORATION,                         :
SIEMENS INDUSTRY, SIEMENS SCHLESINGER                    :
ELECTRIC, LLC, JOHN DOES 1- 100, AND JANE                :
DOE CORPORATIONS 1-100,                                  :
                                                         :
                                  **Defendants.**    :
                                                         :

------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

      Familiarity with the facts and procedural history of this case, as reflected in the Court's prior decisions, is presumed.[1] The Court granted Defendants' motion to dismiss for lack of timely service on August 10, 2021. On September 8, 2021, Plaintiff-Relator ("Relator") then filed a motion under Federal Rule of Civil Procedure 60(b)(1), or in the alternative, 60(b)(6) for relief from this Court's decision, and the corresponding judgment of dismissal entered by the Clerk of Court at ECF No. 86. ("Relator Br." at ECF No. 88-1.) After careful consideration of Relator's arguments, the motion is **DENIED**.

### STANDARD OF REVIEW

      Under the Federal Rules of Civil Procedure, a party can seek relief from a final judgment for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in

---

[1] For an extensive review of the history of this case, see the Court's August 10, 2021 Opinion and Order. *United States ex rel. Weiner v. Siemens AG*, 1:12-CV-01466-ALC, 2021 WL 3544718, at *5 (S.D.N.Y. Aug. 10, 2021) ("Siemens AG"). Also at ECF No. 85.

time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b).

The Second Circuit has held that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ren Yuan Deng v. New York State Off. of Mental Health*, 783 F.App'x. 72, 73 (2d Cir. 2019). Rule 60(b) motions "should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citation omitted). "Accordingly, a party seeking relief under [Rule 60(b)] must show 'highly convincing' evidence in support of its motion, good cause for its 'failure to act sooner,' and that the non-moving party would not suffer undue hardship." *Katz v. Mogus*, No. 07 Civ. 8314 (PKC)(KNF), 2012 WL 263462, at *3 (S.D.N.Y. Jan. 25, 2012) (citation omitted).

## DISCUSSION

### A. Relator's Rule 60(b)(1) Arguments

Relator's Brief states that in the wake of the Court's December 11, 2015 Order (ECF No. 61), he "reasonably viewed the federal action as having been effectively stayed pending the resolution of the state-court action." Relator's Br. at 6. However, the Court never placed an order stating that the federal action was stayed for the pendency of the state-court action, and from August 26, 2019 (the date the docket was unsealed) through Defendants' filing of a motion to dismiss on November 4, 2020, Relator never requested that the Court enter such an order. In fact, Relator did not even request that the Court issue an order for formal service until the Parties'

joint status report on September 17, 2020. ECF No. 64. Relator could have sought clarification with the Court about the deadlines for service, requested an extension for service, inquired about staying the federal action until the conclusion of the state action, or requested a status conference at any time from December 11, 2015 until the motion to dismiss filing on November 4, 2020 – a period of nearly five years. As this Court noted in its August 10, 2021 Opinion and Order, Relator engaged in "severely delayed efforts to try to effect service," and the delay was not due to good cause or excusable neglect. *See United States ex rel. Weiner v. Siemens AG*, 1:12-CV-01466-ALC, 2021 WL 3544718, at *5-6 (S.D.N.Y. Aug. 10, 2021) ("Siemens AG".)

Relator's Rule 60(b) motion does not cite to any controlling precedent that the Court overlooked, or any material facts that were not considered during the original motion to dismiss briefing. Instead, Relator's Brief merely recounts the facts of the case, and attempts to reargue that his actions were not dilatory, because he did not receive a distinct order from the Court allowing service of process. *See* Relator's Br. at 10-15. The Court carefully considered these arguments in the motion to dismiss briefing and agreed that the timeliness of service when considering the Federal False Claims Act's § 3730(b) and Fed. R. Civ. P. Rule 4(m) together was "not clear."[2]

However, the Court's judgment for dismissal was based on Relator's lack of good cause for his failure to serve. *See* Siemens AG at *5. As the Court stated, Relator could have been more diligent, and "his minimal effort to serve cannot demonstrate reasonable diligence." *Id.* Relator's Brief provides no suitable explanation as to why he failed to exercise greater diligence earlier, and thus provides no basis for the 'extraordinary judicial relief' being requested. *Deng*, 783

---

[2] "Because it is not clear from existing law and court practice whether an express order to serve defendants is required for the service period to begin immediately in FCA cases, the Court can understand how Relator encountered some confusion." *See* Siemens AG, at *5.

F.App'x. at 73. Lacking 'highly convincing' evidence in support of Relator's motion, the Court does not find that there are 'exceptional circumstances' that would cause it to reopen the case. *Katz*, 2012 WL 263462 at *3; *Deng*, 783 F.App'x. at 73. Therefore, Relator's Rule 60(b)(1) motion is DENIED.

### B. Relator's Rule 60(b)(6) Arguments

The Second Circuit has held that if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6). *United States v. Intl. Broth. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001). More recently, the Second Circuit has stated that Rule 60(b)(1) and Rule 60(b)(6) are "'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) Here, Relator states in his Reply Brief, his "principal reasons for bringing this motion [are] on the grounds of 'mistake, inadvertence, surprise, or excusable neglect,' pursuant to Fed. R. Civ. P. 60(b)(1)." These arguments were considered in the previous section and have been denied. Therefore, Relator's Rule 60(b)(6) motion is DENIED.

### CONCLUSION

For the reasons set forth above, Relator's motions under FRCP 60(b) are DENIED. The Clerk of Court is directed to terminate ECF No. 88.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 26, 2022**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**