

**BINDER & SCHWARTZ**

Wendy H. Schwartz
Binder & Schwartz LLP         (T) 212.510.7143
675 Third Avenue, 26th Floor   (F) 212.510.7299
New York, NY 10017             wschwartz@binderschwartz.com

April 10, 2024

**MEMO ENDORSED**

<u>Via ECF and Email</u>

Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

The request to stay Defendants' time to answer the amended complaint pending resolution of the motion for reconsideration is hereby GRANTED. The request to stay discovery is hereby DENIED.

Dated: April 12, 2024
New York, NY

SO ORDERED:
*/s/ Andrew L. Carter*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Re:   *U.S. ex rel. Weiner v. Siemens Industry, Inc.*, No. 1:12-cv-01466-ALC

Dear Judge Carter:

    We represent Siemens Industry, Inc. ("Siemens") in the above-captioned action. Earlier today, we moved for reconsideration of this Court's memo-endorsed order dated March 29, 2024. We write to request a stay, pending resolution of the motion for reconsideration, of Siemens' time to answer the amended complaint of Relator Clifford Weiner ("Relator") and of the start of discovery. Relator has taken the position that Siemens' answer is due on or before Friday, April 12, 2024. Siemens should not be required to answer on that date as it would potentially moot its motion for reconsideration.

    The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in this District, including this Court, have exercised that inherent power to toll a defendant's time to answer and/or to stay discovery pending resolution of a motion for reconsideration. *See, e.g., Barokas v. Bank of Am., N.A.*, No. 21-cv-2272, 2023 WL 1993333, at *1 (S.D.N.Y. Feb. 14, 2023) (noting grant of stay of discovery and extension of defendant's time to answer to "fourteen days after a decision on the motion for reconsideration").

    Such a stay is particularly warranted here to preserve Siemens' rights under the Federal Rules of Civil Procedure and to avoid unnecessary litigation effort and expense while the extent of this Court's subject-matter jurisdiction (if any) over Relator's claims remains unresolved. *See Schiff v. Metzner*, 331 F.2d 963, 965 (2d Cir. 1964) (finding no abuse of discretion in stay which "promote[d] 'economy' of effort for all concerned"), *cert. denied*, 379 U.S. 881 (1964). Moreover, because the requested stay is of limited duration and has a "definite end date," there is no prejudice to Relator. *See Burgess v. Major Model Mgmt., Inc.*, No. 20-cv-02816, 2023 WL 2504382, at *2 (S.D.N.Y. Feb. 5, 2023); *see also LaSala v Needham & Co., Inc.*, 399 F. Supp. 2d 421, 430 (S.D.N.Y. Aug. 30, 2005).

    Siemens has made no previous requests with respect to the deadline for answering the amended complaint in this action and has not previously made any formal application for a stay of discovery. Relator does not consent to these requests, maintaining that there is no basis for a



stay of discovery in this action and that this Court's memo-endorsed order operates as a denial of a motion to dismiss.

We thank you for your attention to this matter.

Respectfully,

Wendy H. Schwartz

cc: (via email)
Adam Pollock, Esq.
Max Rodriguez, Esq.
AUSA Jeffrey K. Powell