UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, et al.,

*Plaintiffs*,

-against-

SIEMENS INDUSTRY, INC,

*Defendant.*

12-cv-01466 (ALC)

ORDER OF DISMISSAL

**ANDREW L. CARTER, JR., District Judge:**

This *qui tam* action was brought by Relator/Plaintiff Clifford Weiner against Defendant Siemens Industry, Inc., by and through Relator's former counsel Pollock Cohen LLP ("PCL"), on behalf of the United States of America. Through this action, Relator seeks to recover damages arising from Defendant's alleged violations of the Federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3732. As discussed in greater detail below, because a *qui tam* Plaintiff may not pursue claims under the FCA without counsel (i.e., on a *pro se* basis), and Plaintiff has failed to retain new counsel in this matter for over eight months, this action is **DISMISSED** without prejudice.

BACKGROUND

The Court assumes the parties' familiarity with the facts and history of this case and thus includes only an abbreviated summary of those facts here.[1] On October 1, 2024, this Court granted PCL's motion to withdraw. Dkt. No. 135. On October 18, 2024, because Relator's counsel had withdrawn and no new counsel had appeared, this Court Ordered Relator to submit a status report by November 1, 2024, indicating whether he would proceed "in this action *pro se* or whether he [had] retained counsel." Dkt. No. 137. Relator responded to the Court's Order via

---

[1] For an in-depth recitation of the facts of this case *see* Dkt. Nos. 85, 94.

email stating that (a) he did not intend to proceed *pro se*, and (b) he needed 60 days to retain new counsel (the "First Extension"). Dkt. No. 139 at 1. Relator's First Extension expired on January 1, 2025, without new counsel and without any word to the Court. *Id*.

On January 8, 2025, Defendant requested that this action be dismissed. *Id*. Following Defendant's request, Relator sought an additional 60-day extension to retain new counsel. Dkt. No. 140 at 1. In response, the Court Ordered a status conference (Dkt. No. 141), and at that status conference, held on February 25, 2025, this Court granted Relator until March 25, 2025 to retain new counsel (the "Second Extension"). Dkt. No. 144 at 1. Relator failed to retain new counsel and let the Second Extension expire, again, without any communication to the Court. Dkt. No. 145. Due to Relator's failure to retain new counsel, on March 28, 2025 this Court Ordered Relator to show cause as to why this action should not be dismissed *sua sponte* (the "Order to Show Cause" or "OSHOW"). *Id*. In the Order to Show Cause, the Court gave notice to Relator that failure to respond could result in dismissal of this case, because *qui tam* actions cannot proceed on a *pro se* basis. *Id*. Defendant served the OSHOW on Relator that same day. Dkt. No. 146. Relator did not respond to the OSHOW, and again, did not otherwise communicate with this Court to seek relief in the form of an extension.

## DISCUSSION

Under the FCA, any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government." 31 U.S.C. §§ 3729(a)(1)(A). The FCA allows private individuals to file suit against those who violate the statute "in the name of the Government." 31 U.S.C. § 3730(b)(1). Suits brought by private individuals "in the name of the government," are known as *qui tam* actions. In a *qui tam* action the Government, not the Relator/Plaintiff, retains the interest in the litigation. *United*

*States ex rel. Pantoja v. Citigroup, Inc.*, 2013 U.S. Dist. LEXIS 15548, at *4 (E.D.N.Y. Feb. 5, 2013) (citation and quotation omitted). In other words, in a *qui tam* action, the Relator/Plaintiff "stands in the shoes of the government; he is not acting on his own behalf." *Id*. at *4.

Civil litigants may only appear before the court *pro se* for matters in which they have a personal interest, that is, when they are acting on their own behalf. *Id*. at *4 (citing 28 U.S.C. § 1654 ("In all courts of the United States **the parties may plead and conduct their own cases personally** or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Private individuals are precluded from litigating claims under the FCA on a *pro se* basis because, by statute, the "United States remains the real party in interest in qui tam actions." *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal citations omitted). Therefore, "the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654, nor one in which he has an interest personal to him." *Id*.

As discussed above, here, Relator's only pending claims were brought under the FCA in the name of the government. Relator thus requires counsel for this suit but has been without counsel in this matter for over 8 months. Because it is well settled that relators lack a personal interest in *qui tam* actions under the FCA and thus may not proceed on a *pro se* basis in such actions, Relator's complaint is DISMISSED without prejudice.

## CONCLUSION

For the reasons set forth above, this action is DISMISSED without prejudice. The Clerk of Court is respectfully directed to terminate this case.

**SO ORDERED.**

**Dated:**     **June 9, 2025**
             **New York, New York**           **ANDREW L. CARTER, JR.**
                                                      **United States District Judge**